# Exhibit A

# PUBLIC INTEREST
## —— LEGAL FOUNDATION ——

May 23, 2019

*VIA FAX 313-224-1466*
*AND CERTIFIED MAIL*
Ms. Janice M. Winfrey
Detroit City Clerk
Chairwoman, Detroit Election Commission
2 Woodward Ave., Ste. 200
Detroit, MI 48226

      Re:    **Notice of Violation - National Voter Registration Act**
                  **Notice of Violation - Michigan Law**
                  **NVRA Request for Records**

Dear Ms. Winfrey:

I am writing pursuant to 52 U.S.C. § 205010(b) to put you and the Michigan Secretary of State on notice that the City of Detroit is not in compliance with Section 8 of the National Voter Registration Act of 1993 ("NVRA"), which requires election officials to make a reasonable effort to maintain voter registration lists that are free of dead registrants, free of registrants who have moved to other jurisdictions, and to systematically remove the names of other ineligible registrants. 52 U.S.C. §§ 20507(a)(3), (4)(A)-(B), 20507(c)(2)(A)-(B).

## I.   Evidence of Inadequate List Maintenance

    1. <u>Detroit's Implausible Registration Rate</u>

According to the official results for the November 8, 2016 general election, the City of Detroit had 511,786 registrants.[1] According to the U.S. Census Bureau's 2016 American Community Survey 1-year Estimates, the City of Detroit had a citizen, voting-age population of approximately 479,267.[2] Based on this data, Detroit has more registered voters than adult citizens of voting age (106%). Using the data available for the 2012 general election, Detroit's registration rate exceeds 113% (568,854/500,188).[3] Analysis by a third-party data firm indicates that Detroit's implausible registration rate has persisted for nearly a decade.[4]

Detroit's inflated registration rates are indicative of obsolete and inaccurate registrations, including registrants who are ineligible by reason of death, relocation, felony conviction, or non-

---

[1] https://detroitmi.gov/document/november-8-2016-official-general-election-results.
[2] American Community Survey estimates available at factfinder.census.gov.
[3] https://detroitmi.gov/document/november-6-2012-general-official-election-results-summary.
[4] Crain's Detroit Business, *Detroit has more registered voters than residents over 18, Census finds*, Aug. 22, 2011, available at https://www.crainsdetroit.com/article/20110822/BLOG097/110829985/detroit-has-more-registered-voters-than-residents-over-18-census.

U.S. citizenship.[5] Such extreme rates undermine public confidence in the electoral process and should therefore prompt a response by using all available tools and technologies to address the problem.

2. Deceased Registrants and Implausible Dates of Birth

Our review of Detroit's official registration list indicates your office is not making a reasonable effort to remove the names of deceased registrants, as required by the NVRA. 52 U.S.C. § 20507(a)(4)(A). Using the City's official voter roll extract from April 2019, we identified records listing years of birth indicating ages of 105 and older, with some records listing dates of birth in the nineteenth century. According to the City's records, the oldest, active registrant was purportedly born in 1823, 14 years before Michigan was admitted to the Union as the 26th state. We first discovered and publicized this in October 2018 and are shocked to see this registrant is still on the roll.[6]

We also checked birthdates against records in the Social Security Death Index. After matching other biographical information, we found a significant number of deceased people whose registrations should have been canceled, but remain registered to vote in Detroit. This indicates systematic list maintenance failures, including a failure to investigate and act on official leads from the Secretary of State, MCL § 168.509z, and county clerks, MCL § 168.510, and a failure to conduct periodic, manual review of the voter file to identify implausible and impossible dates of birth. Conversely, a review of the same data found that at least one minor registered to vote well before the allowable age of 17 ½.

3. Duplicate and Triplicate Registrations

Our analysis also found apparent duplicate and triplicate registrations for the same person. Federal law requires that list maintenance be "conducted in a manner that ensures that . . . duplicate names are eliminated from the computerized list" of registrants. 52 U.S.C. § 21083(a)(2)(B)(iii).

The NVRA requires your office to make a reasonable effort to remove the names of registrants who have moved to a different jurisdiction or failed to respond to official mailings. 52 U.S.C. § 20507(a)(4)(B). The NVRA also requires cancellation for criminal conviction and mental incapacity, as provided by state law. 52 U.S.C. § 20507(3)(B).[7] When the same registrant is

---

[5] Federal courts have found that such an impossibly or implausibly high registration rate creates an inference that an election official has neglected her duty to reasonably maintain an accurate and current voter registration roll. *See Am. Civ. Rights Union v. Martinez-Rivera*, 166 F. Supp. 3d 779, 793 (W.D. Tex. 2015) (finding a "strong inference"); *Bellitto v. Snipes*, 302 F. Supp. 3d 1335, 1358 (S.D. Fla. 2017) (finding a "reasonable inference"); *see also Voter Integrity Project NC, Inc. v. Wake Cnty. Bd. of Elections*, 301 F. Supp. 3d 612, 620 (E.D.N.C. 2017).
[6] PILF; Motor Voter Mayhem: Michigan's Voter Rolls in Disrepair (October 22, 2018), https://publicinterestlegal.org/blog/motor-voter-mayhem-michigans-voter-rolls-in-disrepair/
[7] Under Michigan law, "[a]n individual who is confined in a jail after being convicted and sentenced is not eligible to register to vote." MCL § 168.492a; *see also* MCL § 168.758b ("A person who, in a court of this or another state or in a federal court, has been legally convicted and sentenced for a crime for which the penalty imposed is confinement in jail or prison shall not vote, offer to vote, attempt to vote, or be permitted to vote at an election while confined.").

listed more than once on the official list of eligible registrants, it risks the possibility that the duplicate (or triplicate) entry will not be flagged for cancellation. In that regard, Detroit's failure to identify and investigate duplicate registrations is not "reasonable," in violation of the NVRA. 52 U.S.C. § 20507(a)(4).

Furthermore, Michigan law places an affirmative duty on election officials to confirm whether an applicant is already registered to vote, and if so, initiate the cancellation of the previous registration:

> At the time an elector is applying for registration, the registration officer shall ascertain if the elector is already registered as an elector. If the elector is previously registered, the elector shall at the time of applying for registration sign an authorization to cancel a previous registration.

MCL § 168.505(1).

Based on our research, it appears your office is not doing an adequate job checking for existing registrations and/or not cancelling previous registrations when found. Regardless, duplicate registrations are in direct violation of MCL § 168.505(l).  Further, MCL 168.509m(1)(d) provides that voter registration laws exist "[t]o increase the integrity of the voting process by creating a single qualified voter file that will permit the name of each citizen of this state to appear *only once* and that is compiled from other state files that require citizens to verify their identity and residence." Thus, having duplicate and triplicate registrations on your voter roll is in direct violation of Michigan law.

   4. Placeholder Registration Data

Perhaps part of the duplicate problem is the use of "placeholder" registration dates when some applications are being processed.  Whether it is to later identify applications that are duplicative, or for some other reason, the date of "1/1/1900" appears as the registration date in multiple duplicate voter registrations on the voter roll. If this is an internal tickler system to check for previous applications, then it is not working. In any event, the use of fictitious dates within the voter roll makes the roll inaccurate and incorrect. Purposely maintaining a voter roll that is inaccurate and incorrect is a violation of the NVRA.

   5. Insufficient Address Confirmation Mailings

According to the most recent data received from the City, the number of confirmation notices being sent is too low for the numbers of registrants on the roll.  This is evident by the registration rate being higher than the actual voting-age population in the city, as stated earlier. As you know, change of address information, as well as other reliable indicators, trigger a mandatory confirmation notice process under the NVRA in order to keep the roll current and accurate.

**II.   Notice of Violations**

**This letter serves as your 90-day notice pursuant to the NVRA's private-right-of-action provision, 52. U.S.C. § 20510(b), of violations of Section 8 of the NVRA, 52 U.S.C. § 20507**.

The City of Detroit is engaged in ongoing violations of the NVRA and Michigan law. As the City's chief election official, you are responsible for ensuring that the City complies with the NVRA and state law.

To in effort to avoid litigation, we are willing to discuss our findings with your office, help identify why the violations are occurring and confirm how you plan to bring Detroit into compliance with the law. In the absence of such a plan, we will have no alternative but to pursue remedies through litigation.

As required by 52 U.S.C. § 20510(b)(1), the Secretary of State, Michigan's chief election official, is receiving notice of the aforementioned NVRA violations.

### III.   Request for Inspection of Records

Section 20507(i) of the NVRA requires your office to make available for public inspection "all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters." 52 U.S.C. § 20507(i).

Initial Requests

1. Records or reports detailing the:
   a. number of new registration applications received for years 2014 to YTD 2018;
   b. number of non-duplicate rejected or invalid registrations received/processed for years 2014 to YTD 2018;
   c. the number of duplicate registrations identified and processed for merging/ "purging" for years 2014 to YTD 2018;
   d. the number of registrant name or address changes for years 2014 to YTD 2018; and
   e. the number of pre-existing registrants who moved into from elsewhere in Florida for years 2014 to YTD 2018.

2. Records indicating processes, policies, or procedures governing the detection and handling of registration records that appear to be duplicated.

3. Records or reports detailing the number of registrants (delineating between active and inactive) able to participate in the following general elections:
   a. November 4, 2014;
   b. November 8, 2016; and
   c. November 6, 2018.

4. Records or reports detailing the number of confirmation notices sent to registrants due to inactivity or evidence of outdated address for the years 2014 to date.
   a. Records or reports detailing the number of notices received back by your office confirming registration for the years 2014 to date.

   b. Records or reports detailing the number of notices received back by your office asking that the registration in question should be invalidated or removed for the years 2014 to date.
   c. Records or reports detailing the number of notices returned back to your office as undeliverable for the years 2014 to date.
   d. Records or reports detailing the number of notices whose statuses were unknown for the years 2014 to date.

5. Records or reports indicating the total number of records re-classified as INACTVE for the years 2014 to date.

6. Records or reports detailing the total number of registrants removed from the rolls for the years 2014 to date.
   a. Records or reports detailing the number of registrants removed due to relocation outside of your jurisdiction for the years 2014 to date.
   b. Records or reports detailing the number of registrants removed due to death for the years 2014 to date.
   c. Records or reports detailing the number of registrants removed due to felony conviction for the years 2014 to date.
   d. Records or reports detailing the number of registrants removed due to official declaration of mental incompetence for the years 2014 to date.
   e. Records or reports detailing the number of registrants removed due to requests from registrants or their relatives/agents for any reasons outside of felony status, mental capacity, death, relocation, or eligibility for the years 2014 to date.

7. Records or reports detailing the number of voter applicants without the requisite Social Security or driver's license numbers whom are instead assigned unique identifiers pursuant to 52 U.S.C. § 21083(5)(A)(ii) and related state statutes/rules for the years 2014 to date.

8. Records or reports detailing the number of voter applicants providing unverifiable or invalid Social Security or driver's license numbers identified pursuant to 52 U.S.C. § 21083(5)(A)(iii) and related state statutes/rules for the years 2014 to date. These records would ideally contain indications as to which identifiers given were flagged for validity (without disclosing the actual ID numbers) with corresponding records revealing actions taken thereafter by the voter registrar to cure or resolve the discrepancies.

9. Procedural guides or narrative descriptions governing when and how your Office is allowed to enter placeholder data within a registration file in the absence of data supplied by the prospective or current registrant (e.g. date of birth, name(s), date of registration, etc.).

Congress enacted Section 8 of the NVRA to protect the integrity of the electoral process. Allowing the names of ineligible registrants to remain on the voting rolls harms the integrity of the electoral process and undermines voter confidence in the legitimacy of elections.

We urge you, as the chief election official for the City of Detroit, to take immediate steps to bring the City into compliance with federal and state law by addressing the inaccuracies and irregularities on Detroit's official list of eligible registrants. Pursuant to Section 20507(i) of NVRA, I request an opportunity to inspection such records when we meet to discuss a remedial plan, or at another mutually agreeable time.

Should you need to contact the firm regarding this request, please contact me at lchurchwell@publicinterestlegal.org.

Thank you for your service on this matter.

Sincerely,

Logan Churchwell
Communications & Research Director
Public Interest Legal Foundation
lchurchwell@publicinterestlegal.org


cc:

Jocelyn Benson
Secretary of State
Richard H. Austin Building
430 W. Allegan, 4th Floor
Lansing, MI 48933

Michigan Department of State
Bureau of Elections
Richard H. Austin Building
430 W. Allegan, 1st Floor
Lansing, MI 48933

Detroit Department of Elections
2978 W. Grand Blvd.
Detroit, MI 48202