United States District Court
Eastern District of Michigan
Southern Division

**PUBLIC INTEREST LEGAL FOUNDATION,**

*Plaintiff*,
    *v.*

**JANICE M. WINFREY, in her official capacity as Detroit City Clerk, and GEORGE AZZOUZ, in his official capacity as Director of Elections for the City of Detroit,**

    *Defendants*.

Civ. No. 2:19-13638-DML-MJH

Hon. David M. Lawson

Mag. Judge: Michael J. Hluchaniuk

---

## JOINT RULE 26(f) REPORT

The parties, through counsel and pursuant to Federal Rule of Civil Procedure 26(f), jointly submit the following Rule 26(f) report in this matter.

The parties conducted their Rule 26(f) conference via telephone on January 31, 2020.

The parties anticipate taking discovery related to the allegations, affirmative defenses, and claims of the opposing party. The parties propose the following discovery schedule.

Initial disclosures will be served by February 14, 2020.

Fact discovery will be completed by December 18, 2020.

Expert witness disclosures will be made by January 19, 2021.

1

Rebuttal witness disclosures will be made by February 9, 2021.

Expert discovery will be completed by February 26, 2021.

The parties shall file any dispositive motions by March 31, 2021.

The parties propose that a trial on the merits commence during the week of May 3, 2021, if available to the Court. Trial is expected to take approximately 3-5 days. A jury trial has not been demanded.

The parties do not request any changes to the federal or local rules on discovery. The parties do not have any outstanding or anticipated discovery disputes.

Pursuant to the Court's Notice to Appear for Case Management Status and Scheduling Conference, ECF No. 12, the parties provide the following additional information.

Summary on background of the action and the principal factual and legal issues

**Plaintiff's Position.**

This action arises under Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20507. One of the stated purposes of the NVRA is "to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501(b)(4). To accomplish that goal, Section 8 of the NVRA requires election officials to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by

reason of – (A) the death of the registrant; or (B) a change in the residence of the registrant[.]" 52 U.S.C. § 20507(a)(4). Detroit is not complying with these and other federal and state list maintenance obligations.

Publicly available data indicates that Detroit's registration has reached implausible and even impossible levels over several recent election cycles. Detroit's inflated registration rates are indicative of unreasonable list maintenance practices, which have produced obsolete and inaccurate registrations, including registrations that are invalid by reason of record duplication, death, relocation, or non-U.S. citizenship. Defendants have allowed these conditions to persist.

Plaintiff Public Interest Legal Foundation, a non-partisan, nonprofit, public interest organization, has spent considerable time and financial resources in an effort to improve voter rolls in the City of Detroit. The Foundation's analysis of the City of Detroit's official voter registration roll identified thousands of likely deceased registrants and thousands of likely duplicate—and sometimes triplicate—registrations. The Foundation presented its findings to Defendants in order to illustrate the flaws in the City's list maintenance program and to help Defendants begin to remedy long-standing inaccuracies in Detroit's voter rolls. Despite the Foundation's efforts, Defendants would not commit to taking remedial action.

Defendants have failed to make reasonable efforts to conduct voter list maintenance programs, in violation of Section 8 of NVRA, 52 U.S.C. § 20507. Defendants' inaction has harmed and continues to harm the Foundation.

**Defendant's Position.**

The National Voter Registration Act of 1993, 52 U.S.C. §§ 20501-20511 (formerly 42 U.S.C. §§ 1973gg-1973gg-10), was enacted primarily to increase voting participation and minimize the risk of registered voters being improperly removed from voting rolls. Plaintiff, the Public Interest Legal Foundation ("PILF") and other similar groups, however, file suit under the NVRA to force municipalities to remove voters from voter rolls. It is true that Section 8 of the NVRA, 52 U.S.C. §20507(a)(4), requires elections officials to make a "reasonable" effort to remove the names of ineligible voters (those who have died or moved) from their voter rolls, but the Act does not require them to engage in extraordinary efforts to ensure that their voting rolls contain no errors whatsoever, which would be impossible. The City's voter list maintenance procedures were reasonable within the meaning of the NVRA before Plaintiff filed the present lawsuit, and remain reasonable now.

Plaintiff's suit alleges that the City's list maintenance procedures are unreasonable because the City has (1) failed to remove the names of deceased voters and (2) failed to remove duplicate registrations.

To discover and remove the names of registered voters who have died, the City reviews local obituaries on a daily basis, and reviews all death certificates filed with Wayne County every month. In addition, the Michigan Secretary of State regularly receives a data file of all deceased individuals from the federal Social Security Administration and cancels those records of deceased voters in the state Qualified Voter File ("QVF") statewide voter roll, which includes the City of Detroit's voter roll, and then notifies the City of such changes. In addition, when any mailing to a registered voter is returned as undeliverable, the City sends another letter of inquiry to the voter. If that letter is also returned, the City places the person in a "challenged" status, and if the person does not vote in the next two federal elections, the Secretary of State office automatically cancels these records in the QVF and notifies the City electronically of the changes.

When the City discovers what appears to be a duplicate name on its voter list, the City sends the information to the state of Michigan, which reviews the information and compares the names against the State's drivers' license information, then makes any changes to the voter roll (which is a state-created database) and informs the City of the change. In fact, after the Plaintiff informed

5

the City of alleged duplicate registrations contained in the City's voter roll, the City requested the State of Michigan to review the names, and the State removed 94% of those Plaintiff had identified – before Plaintiff filed its suit.

Plaintiff has presented a misleading picture of the City's voter list maintenance efforts by simultaneously citing an erroneously high number of voters registered in the City of Detroit, and citing an erroneously low number of actual Detroit voting-age residents, based on inaccurate census data. Plaintiff has also failed to acknowledge that many of those voters it claims were deceased had either already been removed from the voting rolls, or had been placed in a "challenged" status by the City. But even the raw numbers Plaintiff relies on do not support Plaintiff's argument that the City's voter list maintenance procedures were or are unreasonable. For example, Plaintiff alleges that it discovered the names of 2,503 registered voters whom it believed were deceased. However, Plaintiff also claims that the Detroit voter roll contains 511,786 registrants. In other words, Plaintiff claims that the City failed to discover that 0.489 % of those listed in its voter rolls were deceased. Plaintiff also claims that it discovered 2,384 duplicate entries in the City's voter roll. But using Plaintiff's figures, this would only comprise 0.465% of the City's registered voters, a similarly miniscule percentage, and the State of Michigan, at the City's request, already eliminated 94% of these before Plaintiff filed this case. The City submits that even if the Court accepts Plaintiff's

flawed figures, these demonstrate that the City has taken reasonable steps to maintain the accuracy of its voter registration lists. The Court should therefore dismiss this case.

Dated: February 5, 2020.

Robert L. Avers (P75396)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
734-623-1672
ravers@dickinsonwright.com

 /s/  Kaylan Phillips
Kaylan L. Phillips
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington Street, Suite 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@publicinterestlegal.org
*Attorneys for Plaintiff*

 /s/  Eric b. Gaabo (with permission)
Eric B. Gaabo (P39213)
gaabe@detroitmi.gov
Attorney for Defendants
City of Detroit Law Department
Coleman A. Young Municipal Center
2 Woodward Avenue, Suite 500
Detroit, MI 48226
(313) 237-3052

## CERTIFICATE OF SERVICE

I state that on February 5, 2020, I filed the foregoing electronically with the U.S. District Court for the Eastern District of Michigan in this matter, which will forward this document to all counsel of record through its e-filing system.

   /s/  Kaylan Phillips
Kaylan L. Phillips
PUBLIC INTEREST LEGAL FOUNDATION
32 E. Washington Street, Suite 1675
Indianapolis, IN 46204
Tel: (317) 203-5599
Fax: (888) 815-5641
kphillips@publicinterestlegal.org