THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| PUBLIC INTEREST LEGAL FOUNDATION,<br><br>       Plaintiff,<br><br>v.<br><br>JANICE M. WINFREY, in her official capacity as Detroit City Clerk, and GEORGE AZZOUZ, in his official capacity as Director of Elections for the City of Detroit,<br><br>       Defendants,<br><br>and<br><br>LEAGUE OF WOMEN VOTERS OF MICHIGAN, and LEAGUE OF WOMEN VOTERS OF DETROIT,<br><br>       Intervenor-Defendants. | Case No. 19-13638<br>Hon. David M. Lawson<br>Mag. Judge Michael J. Hluchaniuk |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS BY INTERVENOR-DEFENDANTS LEAGUE OF WOMEN VOTERS OF MICHIGAN AND LEAGUE OF WOMEN VOTERS OF DETROIT**

On June 18, 2020, the Court issued an order granting PILF's motion for leave to file a response to Intervenor-Defendants' memorandum of law in support of Defendants' motion for judgment on the pleadings. (ECF No. 52, PageID. 919.) The Court stated that if Intervenor-Defendants desired to file a reply, "then they may do so in due course according to the applicable court rules." *Id*. Pursuant to that order, the League of Women Voters of Michigan and League of Women Voters of Detroit (the "League" or "Intervenor-Defendants") respectfully submit this reply brief in further support of Defendants' motion.

## **INTRODUCTION**

PILF's response brief confirms the fundamental problem with its pleading: PILF has failed to allege facts to support a claim that Detroit did not undertake a "reasonable effort" to remove the names of ineligible voters from its voter rolls. Rather, all that PILF has alleged is that Detroit's rolls include some voters that PILF says are ineligible. (*See* ECF No. 51-1, PageID. 867-68.) That is not enough to state a claim under the NVRA. The fact that PILF attaches the label of "systemic failure" to these errors (*id.*), does not change the result. *See Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (holding that a plaintiff must plead "more than labels and conclusions" to state a claim for relief); *see also Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009) (same).

1

PILF's myopic focus on purging Detroit's voter rolls cannot be squared with the NVRA's undeniable goal of promoting participation in elections. If credited, PILF's argument—that anecdotal examples of ineligible voters suffice to state a claim under the NVRA—would render the statute's "reasonable effort" standard meaningless. The City's motion should thus be granted.

## ARGUMENT

PILF is unable to rebut the League's argument that PILF has failed to allege *unreasonable* list maintenance practices. Although PILF's sole claim in this case is that the City has violated the NVRA through its failure to conduct the required "reasonable efforts to conduct voter list maintenance programs" (ECF No. 1, PageID. 20 ¶ 62), the Complaint offers no *factual* support for that allegation. Instead, PILF offers only anecdotal "examples"—in particular, it charges that 2,503 registrants, out of a total of 479,267 (0.52%), are "likely deceased." (ECF No. 1, PageID. 8 ¶¶ 20, 41.) PILF asserts that these "examples" amount to "evidence of systematic list maintenance failures by the Defendants" (ECF No. 51-1, PageID. 868), but it fails to connect them to any substantive allegation of the unreasonableness of the City's **process** or **efforts** to maintain its voter rolls.

In a misguided effort to vindicate the pleading deficiencies in its Complaint, PILF invokes an NVRA lawsuit filed by the Department of Justice ("DOJ") against the City of Philadelphia. But that action was settled ***before*** the allegations in the

complaint were subject to any dispositive motion practice. *See United States* v. *City of Philadelphia, PA*, No. 06-4592 (E.D. Pa. 2007). PILF asserts that the allegations in the DOJ's complaint were "substantially more general than the specific allegations and catalog of failures brought in the Complaint here." (ECF No. 51-1, PageID. 872.) But a settlement in *City of Philadelphia* has no bearing on the adequacy of the complaint therein, which was never subject to a motion to dismiss or motion for judgment on the pleadings.

Furthermore, the settlement with Philadelphia did not focus solely on voter list maintenance. Rather, improvements to Philadelphia's voter list maintenance procedures were included as only a small portion of an overall set of terms aimed at ***increasing*** voter participation, including increasing the availability of Spanish-language interpreters, translation of election-related materials, and assistance for voters with disabilities, alongside improving Philadelphia's process for voter list maintenance. (ECF No. 51-4, PageID. 897-902.)

PILF also contends that the League has misconstrued the purposes of the NVRA, by supposedly prioritizing some statutory objectives above others. That is not true. It was not the League, but Congress, that "prioritize[d] [the] legislative purposes of the NVRA" (*see* ECF No. 51-1, PageID. 865), listing as the first two goals of the statute to (1) "establish procedures that will increase the number of eligible citizens who register to vote" and (2) "enhance[] the participation of

3

eligible citizens as voters." 52 U.S.C. § 20501(b); *see* H.R. Rep. No. 103-66, at 19 (1993), *as reprinted in* 1993 U.S.C.C.A.N. 140, 144 (noting that a potential Senate amendment would "defeat a ***principal purpose*** of this Act—to increase the number of eligible citizens who register to vote") (emphasis added); *see also Dobrovolny* v. *Nebraska*, 100 F. Supp. 2d 1012, 1030 (D. Neb. 2000) ("The NVRA was enacted ***primarily*** to increase the number of citizens eligible to vote in elections for federal office.") (emphasis added).

The League readily acknowledged in our opening brief that the statute also includes list maintenance as one of its purposes. (*See* ECF No. 48, PageID. 822.) But, as the authorities cited by PILF itself demonstrate, this does not mean that *any* alleged errors in a city's voter rolls are enough to merit a federal lawsuit. For example, PILF cites the Supreme Court's description of the statute's "two main objectives" (ECF No. 51-1, PageID. 865), but it fails to mention the next sentence of the Court's opinion: "To achieve the latter goal" of removing ineligible voters, "the NVRA requires States to 'conduct ***a general program that makes a reasonable effort*** to remove the names' of voters who are ineligible 'by reason of' death or change in residence." *Husted* v. *A. Philip Randolph Institute*, 138 S. Ct. 1833, 1838 (2018) (quoting 52 U.S.C. § 20507(a)(4)) (emphasis added). This "reasonable effort" standard reflects the fact that Congress sought to obviate the need for unnecessary, selective purges of voter rolls, and prevent list maintenance

4

from interfering with voter registration and participation. *See* 52 U.S.C. § 20501(b); H.R. Rep. No. 103-9, at 2 (1993), *as reprinted in* 1993 U.S.C.C.A.N. 105, 106 (noting that the NVRA was intended to combat, *inter alia*, "selective purges" used "to keep certain groups of citizens from voting"); *Dobrovolny*, 100 F. Supp. 2d at 1030 ("The voter registration list maintenance provisions of the NVRA are intended to eliminate the possibility that list maintenance could be used as a barrier to deprive members of disadvantaged groups from exercising their right to vote for federal office."). PILF should not be permitted to supplant Congress's reasonableness standard with PILF's own judgment as to who should be purged from the voter rolls.

In short, PILF has not alleged, as it must, facts showing that the City fails to "conduct a general program that makes a reasonable effort to remove the names of ineligible voters." 52 U.S.C. § 20507(a)(4). To allow PILF's claims to proceed in the absence of such allegations—and with nothing more than some anecdotal examples of alleged errors in the City's voter rolls—would erase the "reasonable effort" standard from the statute, and undermine the NVRA's purposes of promoting voter registration and avoiding unnecessary voter purges.

## **CONCLUSION**

For the foregoing reasons, and as set forth in our opening brief, the League of Women Voters of Michigan and League of Women Voters of Detroit

5

respectfully request that the Court grant Defendants' motion for judgment on the pleadings and dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(c).

Dated: June 26, 2020

    Respectfully submitted,

    BRENNAN CENTER FOR JUSTICE AT NYU SCHOOL OF LAW

    /s/ Myrna Pérez
    Myrna Pérez (N.Y. Bar No. 4874095)
    Eliza Sweren-Becker (N.Y. Bar No. 5424403)
    120 Broadway, Suite 1750
    New York, NY 10271
    Telephone: 646.292.8310
    Facsimile: 212.463.7308
    myrna.perez@nyu.edu
    eliza.sweren-becker@nyu.edu

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    /s/ Robert A. Atkins
    Robert A. Atkins (N.Y. Bar No. 2210771)
    William B. Michael (N.Y. Bar No. 4296356)
    Joshua D. Kaye (N.Y. Bar No. 4577219)
    Sabrina A. Baum (N.Y. Bar No. 5496237)
    Zack G. Goldberg (N.Y. Bar No. 5579644)
    Adrienne Y. Lee (N.Y. Bar No. 5643283)
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Telephone: 212.373.3000
    Facsimile: 212.757.3990
    ratkins@paulweiss.com
    wmichael@paulweiss.com

jkaye@paulweiss.com
sbaum@paulweiss.com
zgoldberg@paulweiss.com
alee@paulweiss.com

BUTZEL LONG


/s/ David F. DuMouchel
David F. DuMouchel (P25658)
George B. Donnini (P66793)
41000 Woodward Avenue
Stoneridge West
Bloomfield Hills, MI 48304
Telephone: 313.225.7004
dumouchd@butzel.com
donnini@butzel.com

*Attorneys for Intervenor-Defendants*

## **CERTIFICATE OF SERVICE**

I, Robert A. Atkins, certify that on June 26, 2020, I caused a true and correct copy of the foregoing document to be filed and served electronically via the ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.

    Respectfully submitted,

    PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

    /s/ Robert A. Atkins
    Robert A. Atkins
    (N.Y. Bar No. 2210771)
    1285 Avenue of the Americas
    New York, NY 10019-6064
    Telephone: 212.373.3183
    Facsimile: 212.492.0183
    ratkins@paulweiss.com

    *Counsel for Intervenor-Defendants*